William B. Federman (admitted *pro hac vice*)
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: 405-235-1560
Facsimile: 405-239-2112
Email: wbf@federmanlaw.com

*Attorneys for Plaintiff Benjamin L. Padnos*

Stephen D. Hibbard (SBN 177865)
SHEARMAN & STERLING LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone: 415-616-1100
Facsimile: 415-616-1199
Email: shibbard@shearman.com

*Attorneys for Xiqun Yu, Liansheng Zhang, Yizhao Zhang,*
*Zibing Pan, and Nominal Defendant China Education Alliance, Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| BENJAMIN L. PADNOS, Derivatively on Behalf of CHINA EDUCATION ALLIANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> XIQUN YU, ZIBING PAN, SUSAN LIU, CHANGQING WANG, JAMES HSU, LIANSHENG ZHANG, and YIZHAO ZHANG, <br><br> Defendants, <br><br> CHINA EDUCATION ALLIANCE, INC., a North Carolina Corporation, <br><br> Nominal Defendant. | Master File No. 2:11-CV-08973 CAS (JCx) <br><br> **STIPULATION OF SETTLEMENT** |

# TABLE OF CONTENTS

1.    DEFINITIONS ......................................................................................... 1

2.    BACKGROUND OF THE LITIGATION ........................................................ 7

3.    TERMS OF SETTLEMENT .......................................................................... 8

4.    RELEASES ............................................................................................... 11

5.    PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND
      REIMBURSEMENT OF EXPENSES ........................................................... 11

6.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL,
      CANCELLATION, OR TERMINATION ....................................................... 13

7.    MISCELLANEOUS PROVISIONS .............................................................. 15

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") is made and entered into as of July 13, 2012, subject to the approval of the Court, by and on behalf of the following parties, each by and through their respective counsel: (i) plaintiff Benjamin L. Padnos, who has brought suit derivatively on behalf of nominal defendant China Education Alliance, Inc.; (ii) individual defendants Xiqun Yu, Zibing Pan, Liansheng Zhang, and Yizhao Zhang; and (iii) nominal defendant China Education Alliance, Inc. Subject to the approval of the Court, the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Stipulation.

### 1.     DEFINITIONS

1.1    "Action" means the shareholder derivative action entitled *Padnos v. Yu, et al.*, Civil Action No. 2:11-cv-08973 (C.D. Cal.) CAS (JCx).

1.2    "CEU" means China Education Alliance, Inc.

1.3    "Court" means the United States District Court for the Central District of California.

1.4    "CEU Shareholders" means all record and beneficial owners of common stock of CEU as of the date of this Stipulation.

1.5    "Defendants" means, collectively, the Settling Defendants and nominal defendant CEU.

1.6     "Defendants' Counsel" means Shearman & Sterling LLP.

1.7     "Effective Date" means the first date by which all of the events and conditions specified in Section 6.1 of this Stipulation have been met and have occurred.

1.8     "Final" means the latest of: (a) the date when, Judgment having been entered in the Action, the time for any appeal or review thereof has expired; (b) if any appeal is filed and not dismissed in the Action, the date that the appealed Judgment, having been upheld on appeal in all material respects, is no longer subject to further review upon appeal or by writ of certiorari; (c) if the Court enters any judgment in a form other than that provided for herein ("Alternative Judgment") and none of the parties hereto elects to terminate this Settlement, the date that such Alternative Judgment becomes final and is no longer subject to appeal or review.

1.9     "Individual Defendants" means Xiqun Yu, Zibing Pan, Susan Liu, Chunqing Wang, James Hsu, Liansheng Zhang, and Yizhao Zhang.

1.10   "Judgment" means an order and final judgment entered in the Action dismissing all claims with prejudice in accordance with this Stipulation.

1.11   "Nominal Defendant" means CEU.

1.12   "Notice" means the Notice of Proposed Settlement and Settlement Hearing, substantially in the form attached hereto as Exhibit B.

1.13   "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited

liability partnership, association, joint venture, joint stock company, estate, legal

representative, trust, unincorporated association, government or any political

subdivision or agency thereof, and any business or legal entity and their spouses,

heirs, predecessors, successors, representatives, or assignees.

1.14    "Plaintiff" means plaintiff Benjamin L. Padnos.

1.15    "Plaintiff's Counsel" means Federman & Sherwood and The Ball Law

Firm, LLP.

1.16    "Related Persons" means each of a Released Party's present or former

spouses, heirs, executors, estates, attorneys, administrators, related or affiliated

entities, any members of a Released Party's immediate family, any entity in which a

Released Party and/or any member(s) of that Released Party's immediate family has

or had a controlling interest, or any trust of which any Released Party is or was the

settler or which is or was for the benefit of any Released Party and/or member(s) of

his or her family, each of the Released Parties' assigns in connection with the

Action, and all past and present directors, officers, attorneys, agents, partners,

underwriters, insurers, personal or legal representatives, controlling shareholders,

investment bankers, advisors, servants, employees, affiliates, predecessors,

successors, parents, subsidiaries, divisions, joint ventures and joint venturers,

related or affiliated entities, and assigns for nominal defendant CEU and its counsel.

1.17    "Released Claims" means and includes any and all claims, debts,

demands, controversies, obligations, losses, rights, causes of action, or liabilities of

---

STIPULATION OF SETTLEMENT                    MASTER FILE NO. 2:11-CV-08973 CAS (JCx)

3

any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary, or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, contract, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether derivative or individual in nature, including both known claims and Unknown Claims (defined herein at Section 1.25) that: (a) have been asserted in the Action against any of the Released Persons; or (b) have been or could have been asserted in any forum which arise out of, relate to, or are based on the allegations, facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions, or failures to act relating to all matters involved, set forth, referred to, or alleged in the complaint filed in the Action; *provided*, however, that "Released Claims" does not include claims arising out of, based upon, or related to CEU's indemnification and/or advancement of attorneys' fees and expenses relating to or arising out of the subject matter of the Action, or claims by CEU or any Individual Defendant for insurance coverage against CEU's insurers relating to or arising out of the subject matter of the Action. Notwithstanding anything herein to the contrary, "Released Claims" does not include the claims asserted in *In re China Education Alliance, Inc. Sec. Litig.*, Case

---

STIPULATION OF SETTLEMENT                    MASTER FILE NO. 2:11-CV-08973 CAS (JCx)

4

No. 2:10-cv-09239 (C.D. Cal.) (CAS) (JCx), against the Individual Defendants and CEU, claims for insurance coverage against CEU's insurers related thereto, or claims concerning CEU's indemnification and/or advancement of attorneys' fees and expenses related thereto.

1.18   "Released Parties" means, collectively, the Individual Defendants and nominal defendant CEU.

1.19   "Released Persons" means, collectively, each and all of the Released Parties and Related Persons.

1.20   "Settlement" means the terms of settlement and compromise of the Action as provided for in this Stipulation.

1.21   "Settling Defendants" means Xiqun Yu, Zibing Pan, Liansheng Zhang, and Yizhao Zhang.

1.22   "Settlement Hearing" means the hearing or hearings at which the Court will review the adequacy, fairness, and reasonableness of the Settlement.

1.23   "Settling Parties" means Plaintiff (on behalf of himself and derivatively on behalf of CEU), defendants Xiqun Yu, Liansheng Zhang, Yizhao Zhang and Zibing Pan, and nominal defendant CEU.

1.24   "Summary Notice" means the notice to be published in *Investor's Business Daily*, substantially in the form attached hereto as Exhibit B-1.

1.25   "Unknown Claims" means any and all claims that any Settling Party or Related Person does not know or suspect to exist in his, her, or its favor at the time

of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision to object or not to object to this Settlement. With respect to any and all claims released by Sections 4.1, 4.2, and 4.3 of this Stipulation, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties each expressly waive, and by operation of the Judgment shall be deemed to have expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settling Parties each expressly waive, and by operation of the Judgment shall be deemed to have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar comparable, or equivalent to California Civil Code § 1542.  The Settling Parties each may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the claims released in Sections 4.1, 4.2, and 4.3 of this Stipulation, but, upon the Effective Date, the Settling Parties each shall expressly have, and by operation of the Judgment shall be deemed to have, fully,

finally, and forever settled and released as to any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

## 2.  BACKGROUND OF THE LITIGATION

2.1   On October 28, 2011, Plaintiff filed the Action, *Padnos v. Yu, et al.*, Case No. 2:11-cv-08973 (C.D. Cal.), asserting claims against the Individual Defendants.

2.2   The Action seeks relief based on claims for breach of fiduciary duty, abuse of control, gross mismanagement, and unjust enrichment.

2.3   On November 18, 2011, Plaintiff's Counsel sent a settlement demand letter to Defendants' Counsel.

2.4   During the next several months, Plaintiff's Counsel and Defendants' Counsel engaged in substantial arm's-length negotiations in an effort to resolve the Action, which included multiple telephone conferences, a meeting at the New York offices of JAMS for mediation before mediator Michael Young on December 20, 2011, and a meeting at the New York offices of the Defendants' Counsel on January 6, 2012, during which settlement terms and conditions were proposed and negotiated.

2.5     On February 15, 2012, the Settling Parties informed the Court that they had reached an agreement in principle to resolve the Action.

2.6     As a result of the settlement negotiations, the Settling Parties have agreed to resolve the Action on the terms and subject to the conditions set forth in this Stipulation.

2.7     The Settling Defendants dispute the allegations asserted in the Action, and believe that they have valid defenses thereto, but agreed to enter into this Stipulation to resolve the matter and avoid the expense and distraction of further litigation.

2.8     Plaintiff and Plaintiff's Counsel believe that: i) the claims Plaintiff has asserted have legal merit, although they recognize that there are legal and factual defenses to the claims asserted in the Action that Defendants have raised and might have raised throughout the pendency of the Action; ii) Plaintiff's claims were brought in good faith; and iii) the Settlement is fair, reasonable, adequate, and in the best interests of the Plaintiff and CEU.

3.     **TERMS OF SETTLEMENT**

The parties hereto agree, by and through their respective counsel, that, subject to Court approval, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice upon and subject to the terms and conditions of the Stipulation, as follows:

3.1     CEU, through its Board of Directors, shall adopt the corporate governance measures identified in Attachment A and Attachment B to this Stipulation not more than sixty (60) days, and shall implement the aforementioned corporate governance measures not more than one hundred and twenty (120) days, after Judgment has become Final, as defined in Section 1.8 above.  Defendants acknowledge that these measures were negotiated as part of this Settlement and that Plaintiff was a substantial factor in causing CEU to agree to such measures. Defendants acknowledge that the corporate governance measures identified in Attachment A and Attachment B are intended to provide substantial improvements in CEU's corporate governance.

3.2     Within ten (10) business days of the full execution of this Stipulation, Plaintiff and Defendants shall apply to the Court for entry of an order (the "Preliminary Approval Order"), substantially in the form attached hereto as Exhibit A, requesting, among other things:

(a)     that the Court preliminarily approve the Settlement set forth in this Stipulation and related documents;

(b)     that the Court approve the Settling Parties' proposed method of Notice to CEU Shareholders of the Settlement and Settlement Hearing in accordance with the Federal Rules of Civil Procedure and due process;

(c)     that the Court approve the form of Notice and Summary Notice, substantially in the form attached hereto as Exhibits B and B-1;

(d)     that the Court set a date for a Settlement Hearing; and

(e)     that the Court preliminarily enjoin the Settling Parties from commencing, instituting or prosecuting any of the Released Claims.

3.3     CEU shall be responsible for dissemination of the Notice and Summary Notice attached hereto as Exhibits B and B-1 following approval of the form of Notice by the Court, and shall cause its insurance carrier to pay all costs associated with preparing, filing, publishing and disseminating the Notice and Summary Notice, and/or any supplemental or additional notice.

3.4     CEU shall publish the Summary Notice in *Investor's Business Daily*, and the Notice shall be publicly filed by CEU on a Form 8-K and made accessible on CEU's corporate website within ten (10) business days after entry of the Preliminary Approval Order.

3.5     Plaintiff's Counsel and Defendants' Counsel shall request that, after notice of the Settlement is made, the Court hold a Settlement Hearing and approve the Settlement as set forth in the Stipulation and enter the Judgment, substantially in the form attached hereto as Exhibit C: (a) approving the terms of the settlement as fair, reasonable, and adequate; (b) finding that the Notice and Summary Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process; (c) dismissing the Action on the merits and with prejudice; (d) releasing all Released Claims against the Released Parties; and (e) approving the Fee and Expense Award.

**4.    RELEASES**

4.1    Upon the Effective Date, as defined in Section 6.1, Plaintiff, on behalf of himself individually and derivatively on behalf of CEU and CEU shareholders, shall have, and by operation of the Judgment shall be deemed to have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons.

4.2    Upon the Effective Date, as defined in Section 6.1, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiff and Plaintiff's Counsel from all Released Claims.

4.3    Upon the Effective Date, as defined in Section 6.1, each of the Individual Defendants and their Related Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged CEU, its officers, directors and employees from any and all Released Claims.

**5.    PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

5.1    After negotiating the terms of the Settlement, CEU and Plaintiff, through their respective counsel, negotiated the attorneys' fees that CEU would pay to Plaintiff's Counsel.  CEU has agreed to cause its insurance carrier to pay the sum of $250,000.00 to Plaintiff's Counsel for their fees and expenses, subject to Court

approval (the "Fee and Expense Award"), from which Plaintiff is proposed to be paid the sum of $3,000.00 as an incentive award, subject to Court approval (the "Incentive Award").  CEU shall cause the Fee and Expense Award to be paid to Federman & Sherwood, as receiving agent for all Plaintiff's Counsel, within ten (10) business days after final approval of the Settlement by the Court.  Federman & Sherwood shall be responsible for the allocation of the Fee and Expense Award to and among Plaintiff's Counsel based upon each counsel's contribution to the initiation, prosecution, and/or resolution of the Action.  The Released Persons shall have no responsibility for and no liability whatsoever with respect to the allocation of the Fee and Expense Award.  The Released Persons shall have no responsibility for any attorneys' fees or expenses incurred by Plaintiff's Counsel or any other person, entity or law firm on their behalf beyond those awarded by the Court to Plaintiff's Counsel pursuant to the Fee and Expense Award.

5.2     None of the Defendants or Released Persons shall have any objection to any portion of the Fee and Expense Award or the Incentive Award.

5.3     Any order or proceeding relating solely to an award of attorneys' fees and expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall have no effect on the Settlement and shall not operate to terminate or cancel this Stipulation or to affect or delay the finality of the judgment of the Court approving this Stipulation.

STIPULATION OF SETTLEMENT                    MASTER FILE NO. 2:11-CV-08973 CAS (JCx)

## 6.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

6.1    The Effective Date of the Stipulation shall be the date when all of the following conditions have occurred:

(a)  The Court has entered Judgment;

(b)  Judgment has become Final, as defined in Section 1.8, above; and

(c)  The Fee and Expense Award has been paid to Federman & Sherwood in accordance with Section 5.1, above.

6.2    The Settling Parties agree that Plaintiff has the right to conduct such reasonable confirmatory discovery as said parties and their counsel may agree to for the purpose of confirming the fairness and reasonableness of the terms of this settlement.  No party in any other litigation shall have the right to participate in any such confirmatory discovery without the consent of the Settling Parties, and the participation by CEU or any other witness in such confirmatory discovery shall not waive any rights CEU or such other witness may have, or require CEU or such other witness to participate in any other discovery in this or any other litigation.

6.3    The Settling Parties shall each have the right to terminate the Settlement and thereby this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Settling Parties within thirty (30) days of any of the following: (a) the Court declining to enter the Preliminary Approval Order in any material respect; (b) the Court declining to approve the Settlement as

---

set forth in this Stipulation in any material respect; (c) the Court declining to enter Judgment in any material respect; or (d) any level of appellate court modifying or reversing the Court's Judgment in any material respect.  Notwithstanding any other provision or paragraph in this Stipulation, no action or inaction by the Court or any appellate court relating solely to any award of attorneys' fees and expenses shall entitle Plaintiff to terminate the Settlement or any part of this Stipulation.

6.4    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become Final in accordance with its terms, all parties to the Action (including Plaintiff and all Defendants and Released Persons) shall be restored to their respective positions in the Action as of the date of signing this Stipulation.  In such event, all negotiations, proceedings, communications, correspondence and documents prepared and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding, and the terms and provisions of the Stipulation, with the exception of this section, shall have no further force and effect with respect to all parties to the Action and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

## 7.    MISCELLANEOUS PROVISIONS

7.1    The Settling Parties, individually and collectively:

(a)    acknowledge that it is their intent to consummate this Stipulation; and

(b)    agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation, and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

7.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action and its underlying facts and the Released Claims.  The Stipulation compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merit or lack thereof of any claim, allegation, or defense.

7.3    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)    is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or the Released Persons; or

(b)    is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant or Released Person in any proceeding of any kind or nature.

7.4    Defendants and Released Persons may file the Stipulation and/or the Judgment in any action that has been or may be brought against them in order to

support a claim or defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.5     The Settling Parties agree that the terms of the Settlement were negotiated at arm's length in good faith, and reflect an agreement that was reached voluntarily after consultation with experienced legal counsel.

7.6     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by reference.

7.7     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

7.8     The Stipulation constitutes the entire agreement by and between the Settling Parties and no representations, warranties, or inducements have been made as between said parties concerning the Stipulation other than the representations, warranties, and covenants contained and memorialized in this Stipulation.  Except as otherwise provided in this Stipulation, each Settling Party shall bear its own attorneys' fees and costs.

7.9     Counsel for the Settling Parties are expressly authorized by their respective clients to take all appropriate actions required or permitted to be taken pursuant to the Stipulation to effectuate its terms and conditions.

7.10   The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

7.11   Each counsel or other person executing the Stipulation on behalf of any party thereto hereby warrants that such person has the full authority to do so.

7.12   The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them, including facsimile and PDF counterparts, shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.  Facsimile and PDF signatures shall be effective as though original.

7.13   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

7.14   Neither Defendants nor Plaintiff shall be considered to be the drafter of this Stipulation nor any of its provisions for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

7.15   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all of the Settling Parties and their counsel submit to its jurisdiction for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

STIPULATION OF SETTLEMENT                MASTER FILE NO. 2:11-CV-08973 CAS (JCx)

7.16   If any provision of this Stipulation is held to be illegal, invalid, or unenforceable:

(a)      such provision will be fully severable;

(b)      this Stipulation will be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised a part of this Stipulation; and

(c)      the remaining provisions of this Stipulation will remain in full force and effect and will not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Stipulation.

7.17   This Stipulation shall be governed by the laws of the State of California, without regard to conflict of laws, except to the extent that the federal law of the United States requires that federal law govern.

1    IN WITNESS WHEREOF, the Settling Parties hereto have caused the

2  Stipulation to be executed, by their duly authorized attorneys and by CEU's

3

4  insurance carrier, dated as of July 13, 2012.

5

6  Dated:   July 13, 2012          FEDERMAN & SHERWOOD

7

8

9                                 William B. Federman (admitted *pro hac vice*)

10                                 FEDERMAN & SHERWOOD
                                   10205 N. Pennsylvania Ave.
11                                 Oklahoma City, OK 73120
                                   Telephone:  405-235-1560
12                                 Facsimile:  405-239-2112
                                   Email:  wbf@federmanlaw.com
13

14
                                   Byron T. Ball (SBN 150195)
15                                 THE BALL LAW FIRM, LLP
                                   10866 Wilshire Blvd., Suite 1400
16                                 Los Angeles, CA 90024
                                   Telephone:  310-446-6148
17                                 Facsimile:  310-441-5386
                                   Email: btb@balllawllp.com
18

19
                                   *Attorneys for Plaintiff Benjamin L. Padnos*
20

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT                  MASTER FILE NO. 2:11-CV-08973 CAS (JCx)

19

Dated:   July 13, 2012                    SHEARMAN & STERLING LLP

                                          _____
                                          Jerome S. Fortinsky
                                          Brian G. Burke
                                          SHEARMAN & STERLING LLP
                                          599 Lexington Avenue
                                          New York, NY  10022
                                          Telephone:  212-848-4000
                                          Facsimile:  212-848-7179
                                          Email:  jfortinsky@shearman.com
                                          Email:  brian.burke@shearman.com

                                          Stephen D. Hibbard (SBN 177865)
                                          SHEARMAN & STERLING LLP
                                          Four Embarcadero Center, Suite 3800
                                          San Francisco, CA  94111
                                          Telephone:  415-616-1100
                                          Facsimile:  415-616-1199
                                          Email:  shibbard@shearman.com

                                          *Attorneys for Xiqun Yu, Liansheng Zhang,
                                          Yizhao Zhang, Zibing Pan, and Nominal
                                          Defendant China Education Alliance*

1    Dated:   July 9, 2012              LIBERTY INSURANCE UNDERWRITERS, INC.

2

3                                       By: _Leon Choi_____

4

5                                       Title: _Assistant Vice President_

6                                              _Specialty Casualty Claims_

7                                       LIBERTY INSURANCE UNDERWRITERS, INC.

8                                       55 Water Street, 18th Floor
                                        New York, NY  10041
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT              MASTER FILE NO. 2:11-CV-08973 CAS (JCx)

21