**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| BENJAMIN L. PADNOS, Derivatively on Behalf of CHINA EDUCATION ALLIANCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>XIQUN YU, ZIBING PAN, SUSAN LIU, CHANQING WANG, JAMES HSU, LIANSHENG ZHANG, and YIZHAO ZHANG,<br><br>Defendants,<br><br>CHINA EDUCATION ALLIANCE, INC., a North Carolina Corporation,<br><br>Nominal Defendant. | Master File No. 2:11-CV-08973 CAS (JCx)<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT** |

The Unopposed Motion for Preliminary Approval of Proposed Settlement (the "Motion") of derivative plaintiff Benjamin L. Padnos, on behalf of himself individually and derivatively on behalf of nominal defendant China Education Alliance, Inc. ("CEU"), for preliminary approval of the Stipulation of Settlement ("Stipulation") and the terms of the Settlement contained therein (the "Settlement"), has been submitted for consideration by the Court. The Court, having reviewed and considered all documents, evidence, and arguments of counsel presented in support of the Motion, and good cause appearing therefor, enters this Order Preliminarily Approving the Settlement (the "Preliminary Approval Order") as follows:

1. All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Stipulation.

2. The Settlement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval and, therefore, merits further consideration. The Settlement, therefore, is preliminarily approved as fair, reasonable and adequate, and is found to be in the best interests of CEU and its shareholders.

3. Within ten days (10) after entry of this Order, CEU shall disseminate the Notice in accordance with the terms of the Stipulation.

4. At least seven (7) days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court, and serve on Plaintiff's Counsel, proof, by affidavit or declaration, of dissemination of the Notice.

5. The Court approves, as to form and content, the Notice of Proposed Settlement and of Settlement Hearing (the "Notice"), attached as Exhibit B to the Stipulation, and finds that the Notice meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process under the United States Constitution and any other applicable laws, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of all matters relating to the Settlement.

6. The Court has scheduled a Settlement Hearing on October 15, 2012, at 10:00 a.m., at the United States District Courthouse, 312 North Spring Street, Los Angeles, California 90012, second floor, Courtroom 5 for the purpose of:

a. determining whether to finally approve the Settlement pursuant to Rule 23.1 of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of CEU and its shareholders;

b. considering an Order and Final Judgment dismissing the Action with prejudice and releasing and enjoining prosecution of any and all claims to be released pursuant to the Stipulation;

c. determining whether to approve attorneys' fees and expenses;

d. determining whether to approve plaintiff's incentive fee; and

e. hearing other such matters as the Court may deem necessary and appropriate.

7. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice other than announcement at such Settlement Hearing or subsequent adjournment.

8. The Plaintiff shall file and serve his Motion for Final Approval of the Stipulation of Settlement ("Final Approval Motion") and for an award of attorney's

fees and expenses and plaintiff's incentive fee and any supporting papers, at least thirty (30) days before the Settlement Hearing.

9. Any person who wishes to object to the Settlement, the proposed award of attorneys' fees and expenses, or the proposed award of plaintiff's incentive fee must file an objection no later than twenty-one (21) days prior to the Settlement Hearing by:

a. filing with the Clerk of Court proof of ownership of CEU common stock, including the number of shares of CEU common stock held and the date of purchase, and providing a statement that indicates the nature of such objection, any legal support and/or evidence that such shareholder wishes to bring to the Court's attention or introduce in support of such objection, and any documentation in support of any objection; and

b. simultaneously serving copies of such proof, statement and documentation, together with copies of any other papers or briefs such shareholder files with the Court, if any, in person or by mail, upon counsel listed below, providing, however, that if service is made by mail, then service by electronic mail or facsimile also shall be made on counsel listed below, no later than twenty-one (21) days before the date of the Settlement hearing:

William B. Federman
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: 405-235-1560
Facsimile: 405-239-2112
Email: wbf@federmanlaw.com

*Attorneys for Plaintiff Benjamin L. Padnos*

Jerome S. Fortinsky
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212-848-4000
Facsimile: 212-848-7179
Email: jfortinsky@shearman.com

*Attorneys for Xiqun Yu, Liansheng Zhang, Yizhao Zhang, Zibing Pan, and Nominal Defendant China Education Alliance, Inc.*

10. Any shareholder who does not timely object to the Settlement in the manner specified above shall be deemed to have waived all objections and shall forever be foreclosed from making any objection to the Settlement or attorneys' fees and expenses and shall otherwise be bound by the Judgment and the releases pursuant thereto.

11. If any objections are timely filed, Plaintiff may file and serve a reply brief in further support of the Final Approval Motion, which shall include a response to any such objections, at least seven (7) days before the Settlement Hearing.

12. If any objections are timely filed, Defendants may file and serve any papers in support of the Final Approval Motion, or in response to any such objection, at least seven (7) days before the Settlement Hearing.

13. Any objector who timely files and serves a written objection in the manner specified above may also appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Settlement Hearing must effect service of a notice of intention to appear that sets forth, among other things, the name, address and telephone number of the objector (and, if applicable, the name address and telephone number of the objector's attorney) and the identities of any witnesses that such shareholder plans to call at the Settlement Hearing, on counsel listed above (at

the address set forth above) and file such notice of intention to appear with the Court no later than five (5) days before the date of the Settlement Hearing. Service may be effected by mail, provided that service is also made by electronic mail or facsimile on counsel listed above no later than five (5) days before the date of the Settlement Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to be heard at the Settlement Hearing, except upon a showing of good cause and excusable neglect.

14. If the Court grants final approval to the Settlement, the Court shall enter the Order and Final Judgment in the form submitted by the Settling Parties, or in any other form of order deemed appropriate by the Court. The Judgment shall be fully binding with respect to all parties in accordance with the terms of the Stipulation.

15. All proceedings and all further activity regarding or directed towards the Action, including but not limited to all discovery activities, shall be stayed and suspended until further order of this Court, except as to such actions as may be necessary to implement the Settlement or this Order.

16. In the event that the Settlement is not approved by the Court, or the Settlement is terminated or fails to become Final in accordance with its terms, all parties to the Action (including Plaintiff and all Defendants) shall be restored to their respective positions in the Action as of the date of signing the Stipulation. In

such event, all negotiations, proceedings, communications, correspondence and documents prepared and statements made in connection with the Stipulation shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding, and the terms and provisions of the Stipulation, except as otherwise provided for in Section 6.4 of the Stipulation, shall have no further force and effect with respect to all parties to the Action and shall not be used in the Action, or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

21. The Court retains jurisdiction over this Action to consider all further matters arising out of or in connection with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation

22. The Court may extend any of the deadlines set forth in this Order without further notice.

**IT IS SO ORDERED**.

Date August 13, 2012

Christina A. Snyder
United States District Judge